**In re Glen Eugene WEEKS and Alethia Belle Weeks, Debtors.**

**Bankruptcy No. 91–8036–9P7.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Nov. 7, 1991.

Edward R. Miller, Naples, Fla., for debtor.

Louis X. Amato, Naples, Fla., for Citizens & Southern Nat. Bank.

Diane L. Jensen, Trustee.

Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Fort Myers, Fla., for trustee.

## ORDER ON MOTION TO DISMISS CASE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a "Chapter 14" case in that this is the second Chapter 7 case filed by Glen Eugene Weeks and Alethia Belle Weeks (Debtors). The matter under consideration is a Motion to Dismiss the second Chapter 7 case filed by the Debtors for "cause" pursuant to § 707(a) of the Bankruptcy Code. The Motion is filed by Citizens & Southern National Bank (C & S). The unusual procedural background of this second Chapter 7 case requires a somewhat detailed recap of the undisputed facts which appear not only from the first and but also from the second Chapter 7 case and they are as follows.

On May 8, 1990, the Debtors filed their first Petition for Relief under Chapter 7 of the Bankruptcy Code. In the Schedules submitted with their Petition, the Debtors claimed as exempt an annuity valued at $175,000.00 based on Fla.Stat. § 222.14 and § 222.18. Since no objection was filed to the claim of exemptions, the same was allowed automatically by virtue of § 522(l) of the Bankruptcy Code. On July 23, 1990, the Debtors sought to avoid payment of a lien of C & S, which if not avoided would have enabled C & S to attack and establish its claim against the Debtor's annuity. On August 21, 1990, the Motion was withdrawn by the Debtors for unexplained reasons. In their first Petition the Debtors scheduled a tax liability to the United States of America (IRS) in the amount of $1,500.00 and secured debts totalling $126,-489.47. This last obligation related to a mortgage encumbering property in Tennessee owned by the Debtors and some household goods and vehicles. The unsecured obligations scheduled by the Debtors totalled $211,412.48. The bulk of the debts were characterized as "business debts" and out of the total, only the following appear to be consumer debts:

| | |
|---|---:|
| Bryan, Rawl Gore Agnew & O'Brien | $ 30.00 |
| CitiBank Mastercard | 936.33 |
| Credit Card Center | 4,748.04 |
| Discover Card | 1,987.07 |
| First Bank Card Center | 2,681.69 |
| Garrett & Associates, M.D. | 469.68 |
| Lee Memorial Hospital | 3,626.40 |
| Master Card | 1,879.50 |
| Ruiloua & Shook Surgical Assoc. | 1,180.20 |
| Smith, Hendra & Gerson, M.D. | 26.00 |

Since no challenge was made to the Debtors' right to a discharge, on August 14, 1990, they obtained their general bankruptcy discharge.

On October 9, 1990, C & S filed a Motion entitled "Motion to Determine Secured Status of Claims." The motion was denied for improper service and the Motion was refiled again on October 24, 1991 and scheduled for hearing before the undersigned on November 30, 1990. The Debtors filed an objection to the secured nature of the C & S claim on November 27, 1990. On November 13, 1990, the Trustee of the estate filed a Notice of Abandonment of the property located in Tennessee as burdensome and

since no one interposed an objection to the proposed abandonment, this real property was effectively abandoned and no longer remained property of the estate. On December 20, 1990, this Court entered an Order and allowed the C & S claim as a secured claim but provided that C & S shall not be entitled to any distribution, if one was made, because none of the properties subject to the lien claim of C & S were administered by the Trustee. On February 27, 1991, the Trustee filed a Report of No Distribution, and the case was closed on September 20, 1991. Following the entry of discharge, C & S instituted a State Court action to foreclose on its lien claim based on the assignment of the annuity by the Debtors.

On June 20, 1991, while the first Chapter 7 case was still pending, the Debtors filed their second Petition for Relief under Chapter 7. In their Schedule B–4, the Debtors again claimed as exempt all their assets, including their annuity claimed in their first Chapter 7 case, but, unlike in the first case, they did not claim the entire value of the annuity. Instead, for reasons not explained, the Debtors conceded that $10,000.00 of the total value would be property of the estate and theoretically available for distribution by the Trustee to the creditors to pay dividends on the allowed claims.

The ironic part of this strange turn of events is, of course, that these Debtors no longer have any unsecured debts because all of them were discharged in the previous case, including their personal obligation in the amount of $112,119.00 owed to C & S. In this connection, it should also be noted that the discharge obtained by the Debtors in their first case had no effect on the validity of the lien claimed by C & S. It further appears that the Debtors entered into a fee agreement with their present counsel, Mr. Miller, pursuant to which counsel would receive "one ninth of that portion of the annuity which is claimed as exempt for his services, or $16,500.00."

The Debtors' right to maintain this Chapter 7 case is challenged by the Motion to Dismiss filed by C & S, who contends that this Chapter 7 case should be dismissed for "cause" pursuant to § 707(a) on the basis that it is an abusive, serial filing made in bad faith and there is no valid purpose to be served by maintaining this case.

The United States Trustee did not seek a dismissal of this second Chapter 7 case, but filed an objection to the fee arrangement between the Debtors and their present attorney. He also sought an examination of the Debtors' transactions with their attorney pursuant to § 329 of the Bankruptcy Code and Bankruptcy Rule 2017.

Considering the grounds for dismissal urged by C & S, this Court is satisfied that there are more than ample reasons to sustain the position of C & S and to dismiss this second Chapter 7 case for the following reasons.

First, these Debtors cannot get a discharge again by virtue of § 727(a)(8), and it is equally evident that even if they now generously make available $10,000.00 to be administered by the Trustee, there are no creditors who would be entitled to share and receive any distribution, since they no longer have enforceable claims against the Debtors. Second, with the exception of the commission which may be awarded to the Trustee, under § 326, which cannot be more than $900.00, the balance would have to be returned to the Debtors. Third, it is clear from the record of this Chapter 7 case that to retain the case would not serve any legitimate purpose. To do so would permit these Debtors to use the jurisdiction of this Court to relitigate their ongoing dispute with C & S. This would not only be a misuse of this Court's jurisdiction, but the previous allowance of the secured claim of C & S in the first Chapter 7 case would trigger the principle of *res judicata* and would present an absolute bar to relitigate that issue. There is hardly any doubt that the attempt to use this Court for this purpose is highly improper and certainly represents "cause" to dismiss this second Chapter 7 case based on § 707(a) of the Bankruptcy Code.

In light of the foregoing, this Court is of the opinion that this Chapter 7 case should be dismissed. This being the case this Court declines to consider the objection to

the fee arrangement by the Debtors and counsel and also declines to re-examine the fee paid by the Debtors to counsel pursuant to § 329 and Bankruptcy Rule 2017.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Case be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned Chapter 7 case be, and the same is hereby, dismissed.

DONE AND ORDERED.